UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY LARRY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-1377-ZMB |
| | ) | |
| VALERIE HUHN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Bobby Larry Jones's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Doc. 1, and three related motions, Docs. 3, 6, 8. Even after granting Jones's Motion to Supplement, Doc. 3, the Court must summarily dismiss the Petition because Jones admits he failed to exhaust his state-court remedies. Further, the Court denies as moot his Motion for Leave to Proceed in Forma Pauperis, Doc. 6. and Motion to Appoint Counsel, Doc. 2.

**BACKGROUND**

Jones filed his latest habeas petition in August 2026, seeking release from the Missouri Department of Mental Health related to a criminal case in the Scott County Circuit Court. Doc. 1 at 1, 12. Although the petition provides virtually no other details, Jones lists a state-court case number that corresponds with a previous habeas petition he filed in this Court. *See Jones v. Huhn*, No. 4:23-CV-1719-SRC, 2024 WL 2867507, at *1 (E.D. Mo. May 29, 2024). There, drawing on a sealed state-court docket sheet, the Court observed that Jones was committed in 1992 after pleading not guilty by reason of mental disease but was granted conditional release in 2011 and has since requested unconditional release. *Id.* The Court denied the previous petition due to the lack of evidence that the state court had denied release or that Jones had appealed any adverse decision. *Id.* Significantly, in his instant petition, Jones confirms he still has not exhausted these remedies. *Id.* at 4–11.

## LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases requires courts to conduct an initial review of habeas petitions, with summary dismissal required "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1211 (11th Cir. 2021) ("[I]t is the duty of the court to screen out frivolous applications."). This screening includes consideration of "procedural obstacles" to relief, such as time bars and the failure to exhaust state-court remedies. *See id.* (untimeliness); *Veneri v. State of Mo.*, 734 F.2d 391, 393 (8th Cir. 1984) (exhaustion). Further, to avoid summary dismissal, a petitioner must "state facts that point to a real possibility of constitutional error" or the violation of federal law. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

## DISCUSSION

Jones's petition does not identify a single ground for relief. *See* Doc. 1 at 4–9. Even in his Motion to Supplement, Jones provides only conclusory allegations that he has been deprived of his rights without providing any explanation or support. *See* Doc. 3. That lack of specificity alone is enough to preclude relief. *See* Rule 2(c) of the Rules Governing Section 2254 Cases (requiring the petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground"); *see also Wallace v. Payne*, No. 4:19-CV-2576-HEA, 2022 WL 6532788, at *1 (E.D. Mo. Sept. 27, 2022) ("[A] petitioner must state specific, particularized facts which entitle him to habeas corpus relief for each ground specified . . . [with] sufficient detail to enable the court to determine . . . whether the petition merits further habeas corpus review.") More importantly, Jones fails to show that he fully litigated his request for unconditional release in state court, much less that he appealed any adverse decision, which requires summary dismissal.

Section 2254 requires courts to entertain habeas petitions from individuals in custody pursuant to a state-court judgment but "only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relevant here, section 2254 prohibits courts from granting relief unless "the applicant has exhausted the remedies available in the courts of the State." *Id.* § 2254(b)(1)(A). This exhaustion requirement "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). The petitioner bears the burden of showing exhaustion of all state-court remedies. *See Lofton v. Ware*, No. 4:26-CV-1077-JMD, 2026 WL 2013938, at *1 (E.D. Mo. July 13, 2026) (collecting cases).

The need for exhaustion applies equally to individuals seeking release from civil commitment. *See Massey v. New Madrid Cnty.*, No. 1:25-CV-184-ZMB, 2026 WL 2561270, at *3 (E.D. Mo. Aug. 28, 2026) ("To satisfy the exhaustion requirement, a person confined in a Department of Mental Health facility must apply for release under Missouri Revised Statute § 552.040 before filing a petition for writ of habeas corpus." (quoting *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991))). An individual seeking release first must file an application in the state court that ordered the civil commitment and then must appeal to the Missouri Court of Appeals if the application is denied. *Id.*; *see also Grass v. Reitz*, 643 F.3d 579, 585 (8th Cir. 2011) (noting that, under Missouri law, an appeal to the state supreme court is not required).

Here, the exact relief Jones seeks is unclear. Jones's supplement indicates that, while he is "on a conditional release," he is currently in the custody of a state hospital. Doc. 3 at 1–2. The Court interprets his petition as seeking both immediate release from his current commitment in a state hospital and unconditional release from the Missouri Department of Mental Health. But as the Court previously explained, it cannot grant such relief until Jones satisfies the exhaustion requirement for a habeas petition. *See Jones*, 2024 WL 2867505, at *2. To his credit, Jones admits that he did not exhaust his state-court remedies. *See* Doc. 1. Further, Jones has not attached any

state-court records, unlike in his previous case, and the Court's independent inquiry has confirmed—at a minimum—that he has not filed a state-court appeal. Therefore, the Court concludes he has failed to satisfy this requirement and summarily dismisses his petition.[1]

Finally, the Court declines to issue a certificate of appealability. To issue a certificate of appealability, the Court must find a "substantial showing of the denial of a constitutional right." *See Tiedeman v. Benson*, 122. F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Jones has made no such showing here, so the Court will not issue a certificate of appealability.

**CONCLUSION**

Accordingly, the Court **DISMISSES** Petitioner Bobby Larry Jones's [1] Petition for Writ of Habeas Corpus and declines to issue a certificate of appealability because Jones has not made a substantial showing of the denial of a federal constitutional right. Further, the Court **GRANTS** Jones's [3] Motion to Supplement and **DENIES** as moot his [2] Motion to Appoint Counsel and [6] Motion for Leave to Proceed in Forma Pauperis. A separate Order of Dismissal will follow.

So ordered this 24th day of November 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

[1] Even if Jones had established exhaustion, the outcome would be the same because Jones filed an unauthorized successive petition. In light of his previous habeas case involving the same claim, *see Jones*, 2024 WL 2867505, Jones was required to obtain authorization from the Eighth Circuit before filing his instant petition, *see* 28 U.S.C. § 2244((b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (holding the district court lacked jurisdiction to consider an unauthorized successive petition).